IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

CHAD LINCOLN REEL,

      Plaintiff,

Vs.                                                          No. 12-4153-SAC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the defendant Commissioner of Social Security ("Commissioner") that denied the claimant Chad Lincoln Reel's ("Reel") application for supplemental security income alleging the disability onset set date of January 1, 2009, based on short-term memory loss, inability to stay focused, and easily distracted. (R. 51). The administrative law judge ("ALJ") filed his decision on March 28, 2012, finding that Reel was not disabled. (R. 11-20).

Reel was not represented by counsel before the ALJ, as his counsel withdrew after his reconsideration was denied. (Dk. 88). Reel signed the "Statement of Claimant" asking for the removal of his counsel, and in the box asking for the date of his signature, Reel wrote in his birthdate. (R. 97). At the hearing, the ALJ asked Reel whether he understood his right to have

1

representation and the availability of representatives through other agencies. (R. 27). The ALJ then asked if he was ready to proceed and whether he had signed the waiver of the right to representation form. (R. 27-28). While the claimant answered yes to all of these questions, the waiver form shows that Reel signed it without answering or circling any of the responses found on the form. (R. 134). As tested in October of 2010, Reel's full scale IQ was 63, and the psychologist who did this testing observed in September of 2010 that Mr. Reel "appeared to be in physical pain." (R. 258, 263).

Following the ALJ's decision, Reel obtained counsel who assisted him in requesting an out-of-time review by the Appeals Council. The Appeals Council found "good cause" for the untimely request. With the assistance of counsel, Reel submitted additional evidence consisting of medical records showing his treatment for what the orthopedic surgeon described as "fairly significant lower back complaint" that has troubled him "for about eight years." (R. 284). The records are of three visits in May and June of 2012 in which the surgeon discusses the results of x-rays and two MRIs and notes in part, "degenerative changes at L4-5," "a facet injection at L4-5," (R. 286), and "degenerative changes in the mid to upper thoracic levels with some mild disc bulging" (R. 287). On the first visit, the surgeon observed that the Reel moved slowly on and off the examination table, "has a markedly diminished range of motion to lower lumbosacral spine with discomfort in all planes," and showed

2

"discomfort on light palpation over the lower lumbosacral region." (R. 283) On the record from the last visit, the surgeon noted that the effectiveness of the injection was yet to be seen and that Reel was seeking disability as Reel feels "he is quite debilitated" and when "he is up moving around on his feet then he has great difficulty." (R. 287). The surgeon instructed Reel to be seen on an as needed basis. *Id.*

The Appeals Council's decision denied the request for review and said that it had "considered the reasons you disagree with the decision and the additional evidence." (R. 1) As for the additional evidence of a back impairment, the Appeals Council's decision does not discuss the evidence but merely finds "that this information does not provide a basis for changing the Administrative Law Judge's decision" (R. 2). Among the issues on appeal is Mr. Reel's argument that a remand for material additional evidence is appropriate.

Because the Appeals Council denied Reel's request for review, the ALJ's decision is the Commissioner's final decision on review. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). The Appeals Council, however, listed and accepted as an exhibit the May and June 2012 reports from Kansas Orthopedics and & Sports Medicine. (R. 4). The general rule is that "the Appeals Council must consider additional evidence offered on administrative review—after which it becomes a part of our record on judicial review—if it is (1) new, (2) material, and (3) related to the period on or before the date of the

3

ALJ's decision." *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). The Appeals Council here considered the medical records of the claimant's visits for back pain in May and June of 2012. When the Appeals Council accepts and considers the new evidence, "then the question on appeal is whether the ALJ's decision was supported by substantial evidence in light of the new evidence." *Padilla v. Colvin*, 2013 WL 1908910 at *1 n.1 (10th Cir. 2013).

Other than identifying the medical records as coming from Kansas Orthopedics & Sports Medicine, the Appeals Council makes no specific mention of Dr. Michael Smith or reports showing that he examined the claimant on three occasions, reviewed the results of the claimant's x-ray and MRIs, and treated the claimant with a facet injection with additional appointments on an as needed basis. The Appeals Council's decision does not mention Dr. Smith by name, does not discuss or summarize the substance of his findings, and does not provide any evaluation of his medical opinions. The only statement appearing in the Appeals Council's decision is "that this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 2).

The ALJ's residual functional capacity ("RFC") assessment did not include any exertional limitations or impairments. The ALJ found that Reel could "perform a full range of work at all exertional levels." (R. 15-16). The ALJ assumed in his questions to the vocational expert that the claimant had "no exertional limitations." (R. 46). The ALJ's decision did not review this evidence

4

of an exertional limitation and pursued no investigation of this impairment. The opinion of an examining physician is to be considered and "specific, legitimate reasons for rejecting it" are to be given. *Doyal v. Barnhart*, 331 F.3d at 763. The Appeals Council's decision does not identify or discuss any of the relevant factors. It provides no specific or legitimate reasons for rejecting evidence of an exertional limitation. Dr. Smith's opinion is new and material evidence that contradicts the ALJ's decision and shows it to be unsupported by substantial evidence.

The Commissioner argues on appeal that the additional evidence does not establish significant physical limitations before the date of the ALJ's decision and points to record evidence regarding the plaintiff's own reports of physical limitations. The Commissioner also construes Dr. Smith's reports as minimal treatment consistent with no disabling pain. None of these points appears in the decisions of the ALJ or the Appeals Council. "[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citations omitted).

Because "the Appeals Council's decision offers nothing to show that it properly evaluated this new evidence and that it did anything more than "perfunctorily adhere" to the ALJ's decision, the court must remand for a

disability decision that considers . . . [this new medical evidence] in conjunction with all the other evidence in the entire record." *Roland v. Colvin*, 2013 WL 4401880 at *6 (D. Kan. Aug. 15, 2013) (citing *See Flowers v. Commissioner of Social Security*, 441 Fed. Appx. 735, 745, 2011 WL 4509878 at *8 (11th Cir. 2011); *see also Harper v. Astrue*, 428 Fed. Appx. 823, 2011 WL 2580336 at *2-*3 (10th Cir. 2011)).

IT IS THEREFORE ORDERED that the decision of the Commissioner is reversed and the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 28th day of January, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge